UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LAWRENCE KIRTON,

                    Plaintiff,

          -against-                              ORDER
                                         00-CV-7646(JS)(JO)
NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

                    Defendant.
----------------------------------X
Appearances:
For Plaintiff:          Lawrence Kirton, <u>Pro</u> <u>Se</u>
                        177 Salem Road
                        Westbury, New York 11590

For Defendant:          Jeanne O. Marino, Esq.
                        Wright, Pindulic & Hamelsky, LLP
                        100 Maiden Lane, 22nd Floor
                        New York, New York 10038

SEYBERT, District Judge:

          Currently pending before this Court is a motion brought

by Plaintiff, Lawrence Kirton ("Kirton" or "Plaintiff"), for relief

pursuant to Rule 60 of the Federal Rules of Civil Procedure.

Previously, by Memorandum and Order, dated August 6, 2004 ("August

Order"), this Court granted summary judgment in favor of Defendant,

Northwestern Mutual Life Insurance Company ("Northwestern" or

"Defendant").  In the August Order, this Court found that a

misrepresentation had been made on Kirton's insurance application

and, therefore, granted Defendant summary judgment.

          On October 27, 2004, this Court denied Plaintiff's motion

for reconsideration pursuant to Local Civil Rule 6.3 finding that

there were no facts or law overlooked that would cause a different

result to be reached. On December 9, 2004, this Court granted Plaintiff permission to file the instant Rule 60 motion to present evidence which would support his claims of mistake, fraud, misrepresentation, and perjury. On January 10, 2005, Kirton filed an affidavit, with fourteen attachments, to support his Rule 60 motion. On January 14, 2005, the Defendant filed opposition to Kirton's affidavit. Kirton filed a reply affidavit on January 28, 2005.

Having considered the instant Rule 60 motion this Court finds that there is no basis for relief. The summary judgment ruling remains in favor of the Defendant.

<u>LEGAL STANDARD</u>

Rule 60(b) provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment.

Relief from a final judgment under Rule 60(b) is "extraordinary judicial relief." <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986). A Rule 60(b) motion is not a substitute for appeal. <u>See</u> <u>Competex, S.A. v. Labow</u>, 783 F.2d 333, 335 (2d Cir. 1986). Accordingly, Rule 60 motions that simply attempt to relitigate issues and thereby circumvent the appellate process are

routinely dismissed. See id.; Hernandez v. United States, No. 99-cv-4303, 2000 U.S. Dist. LEXIS 7932, at *1 (S.D.N.Y. June 8, 2000)(denying Rule 60(b) motion where "the vast bulk of movant's argument constitutes nothing more than a futile effort to have this Court revisit its Opinion"). The decision to grant or deny a Rule 60(b) motion is within the sound discretion of the district court. Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991).

The strict requirements of Rule 60(b) are applicable to pro se litigants. See Fetik v. New York Law Sch., No. 97-cv-7746, 1999 U.S. Dist. LEXIS 9755, at *3 (S.D.N.Y. June 29, 1999)(noting that pro se plaintiff "is not excused from producing 'highly convincing' evidence in support of her motion to vacate a final judgment" (internal citations omitted)).

It is within this standard that the Court considers Plaintiff's motion.

DISCUSSION

Plaintiff has failed to meet the standards necessary for this Court to grant Rule 60 relief. Plaintiff's best argument is that this Court has never expressly ruled on whether the Defendant knew, or should have known, of Kirton's previous medical condition because of something contained in medical reports that were in Northwestern's possession. Plaintiff's argument continues that if Defendant knew, or should have known, of the medical condition then the statute of limitations would preclude the Defendant from

asserting their counter-claim.

In support of this argument, Plaintiff argues that Defendant was on notice of the misrepresentation through medical reports received when Kirton submitted his claim. Defendant asserts that not only is the medical report nearly illegible but an insurance company is under no duty to investigate an insured's misrepresentations. See Ehrlich v. Berkshire Life Insurance Co., No. 00-cv-9233, 2002 WL 368444, at *11 (S.D.N.Y. March 7, 2002). Having considered Plaintiff's argument and the applicable law, this Court expressly finds that Defendant was not on notice as to the misrepresentation. Thus, to the extent that the Court has not directly rejected Plaintiff's statute of limitations position, it does so now. In addition, to the extent that the parties have presented arguments to the Court which have not been expressly addressed either here in the instant order, or any previous order, they are denied.

Defendant has requested that this Court impose sanctions upon Plaintiff for the instant "baseless and scurrilous" motion. The Plaintiff argues that he is not an attorney and does not "possess the skill nor training to read what is not in print." In Hughes v. Rowe, 449 U.S. 5, 14-16, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980), the Supreme Court warned that a Plaintiff's pro se status will not insulate them from sanctions for continuing a frivolous lawsuit. This Court finds, however, that Plaintiff has not yet acted in a way that would call for sanctions to be imposed. Though

it is true that Plaintiff has now presented the same arguments to this Court three times, his conduct has not reached the point worthy of sanctions.  The application for sanctions is denied, without prejudice, to be renewed should the Defendant believe it necessary.

<u>CONCLUSION</u>

The Plaintiff's motion for relief pursuant to Rule 60 is DENIED.  This Court RENEWS the November 10, 2004, referral order to Judge James Orenstein for determination of the amount of judgment to be issued against Plaintiff.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  Central Islip, New York
        April 28, 2005