```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LAWRENCE KIRTON,

                Plaintiff,

        against                      MEMORANDUM AND ORDER
                                     00-CV-7646(JS)(AKT)
NORTHWESTERN MUTUAL LIFE INSURANCE
CO.,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Lawrence Kirton, pro se
                    177 Salem Road
                    Westbury, New York 11590

For Defendant:      Jeanne O. Marino, Esq.
                    White & Williams LLP
                    One Penn Plaza, 35th Floor
                    New York, New York 10119
```

SEYBERT, District Judge:

## INTRODUCTION

Pending before this Court are Magistrate Judge James Orenstein's Report and Recommendation, dated January 17, 2006 ("Report"), and objections to the Report, filed pursuant to FED. R. CIV. P. 72. For the reasons below, the Court ADOPTS the Report in its entirety.

## LEGAL STANDARD

A district court reviews a magistrate judge's report under the standards established in 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The district judge makes a de novo determination of those parts of the Report to which a timely written objection has been made by any party but may adopt

the uncontested portions of the Report unless they show clear error. See Thomas v. Arn, 474 U.S. 140, 151-52, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Tapia-Garcia v. United States, 53 F. Supp. 2d 370, 373 (S.D.N.Y. 1999). Such de novo review does not entirely replace the Report.

## BACKGROUND

The facts of this case are stated in this Court's order, dated August 11, 2004, partially granting Defendant's summary judgment motion ("August 2004 Order"). The Magistrate also summarized the relevant facts in his Report. (Report at 1-3.) To the extent that Plaintiff Lawrence Kirton ("Plaintiff") objects to matters already decided in the August 2004 Order, this Court rejects such objections as improperly brought at this time. Furthermore, the Court considered Plaintiff's arguments regarding the factual background three times and has rejected them three times: first, in the August 2004 Order, again in this Court's Order, dated October 27, 2004, denying Plaintiff's motion for reconsideration, and a third time in this Court's Order, dated April 28, 2005, denying Plaintiff's Rule 60 motion.

## DISCUSSION

In his Report, the Magistrate recommended that the Court enter judgment in favor of Defendant Northwestern Mutual Life Insurance Company ("Defendant") and against Plaintiff in the amount

of $135,403.24. The Magistrate found that Defendant was entitled to a judgment of rescission, which would restore the parties to the position they were in prior to the transaction that gave rise to this legal dispute. (Report at 4.)

The Magistrate found that Defendant was entitled to a judgment for the total amount of $135,403.24. The principal amount due Defendant is $90,242.39. The Magistrate arrived at this figure by subtracting $14,096.87 - the amount Plaintiff paid in premiums to Defendant - from $104,339.26 - the amount Defendant paid to Plaintiff in benefits. The interest amount due Defendant is $45,160.85. The Magistrate arrived at this number by subtracting $5,640.12 - the interest on premiums Plaintiff paid Defendant - from $50,800.97 - the interest on benefits Defendant paid to Plaintiff. (Report at 7-16.)

Plaintiff first objects to the amount of the principal the Magistrate recommended. Plaintiff, however, appears confused. Plaintiff argues that Defendant "should only be entitled to a judgment reflecting $104,339.26 in benefits paid. The premiums paid by [Plaintiff] should not decrease the principal amount of the award since there are issues based on the . . . replacement policy." (Pl.'s Objections at 4.)

If this Court agreed with Plaintiff, then the principal amount would be **greater** than the recommended principal amount of $90,242.39. Because it appears to the Court that Plaintiff's

objection is not in his best interest, the Court rejects it. As for Plaintiff's objection that the principal amount should reflect premiums Plaintiff paid to Defendant up until April 1, 2006, the Court rejects this as unsupported and unsubstantiated by the Plaintiff.

Plaintiff also objects to the way in which the Magistrate arrived at the amount of interest. Plaintiff suggests that an interest rate between 4.1-4.3 percent replace the rate of 9 percent. The Magistrate, however, expressed his concern that the statutory default interest rate of 9 percent was unfairly high. (Report at 14.) The Magistrate instead recommended a 6 percent interest rate. (Report at 15.)

Plaintiff claims that an interest rate of 4.1-4.3 percent "reflects the average rate over the entire period of fourteen years at issue in this case . . . ." (Pl.'s Objections at 4.) However, Plaintiff does not demonstrate how he arrived at this number nor how it is accurate. The only rationale Plaintiff provides for such an interest rate is that the award financially impacts Plaintiff greater than Defendant, which is a multi-billion dollar insurer. Plaintiff argues that he only receives disability income. The Court rejects this rationale. The fact that Defendant may be a multi-billion dollar insurer is no reason to deny Defendant the right to money it never had to pay Plaintiff in benefits. Accordingly, the Court rejects this argument.

## **CONCLUSION**

The Court ADOPTS the Magistrate's Report in its entirety. The Court awards Defendant a judgment in the amount of $135,403.24, which is comprised of a principal amount of $90,242.39 and interest in the amount of $45,160.85. The Clerk of the Court is ordered to enter a judgment in the amount of $135,403.24.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         October  24 , 2006